DRAKE, J. did not sit in this cause, having been concerned as counsel of one of the parties.

---

CHARLES SHEPPARD and BENJAMIN SHEPPARD *against* PROVIDENCE L. SHEPPARD.

### IN TRESPASS.

In an action of trespass brought by A. and B. against C. for taking out of their possession a quantity of ship plank, sold to them by D. C. cannot give in evidence a judgment against D. (with the execution thereon) entered by confession under the statute, (*Rev. Laws*, 634, *sec.* 18,) in an action instituted before a justice of the peace without process, and without such an affidavit as is required by the act.

Such a judgment, although valid between the parties, has no operation against third persons, and cannot be read in evidence even in mitigation of damages.

An affidavit which does not conform substantially to the words of the act, is the same as no affidavit.

This court will not grant a new trial on account of the discovery of new and important evidence, if such evidence might with ordinary diligence have been discovered previous to the trial.

This court will not grant a new trial on account of newly discovered evidence, unless the facts newly discovered are laid before the court in the shape of legal evidence and not hearsay.

This was an action of trespass tried before his Honor the *Chief Justice,* at the Cumberland circuit, and a verdict for the plaintiff. A rule to shew cause why the verdict should not be set aside, was obtained and argued by

*D. Elmer,* for plaintiffs.

*Wall and Armstrong,* for defendant

FORD, J. This was an action of trespass for taking a quantity of ship plank and three sawing gins out of the possession of the plaintiffs, which they claimed under a bill of sale from Robert Irwin and Co., dated the 6th of December, 1825. The defendant set up a prior right under a judgment and execution against the same Robert Irwin and Co., of the 5th of December, 1825, which was one day older than the aforesaid bill of sale. On an inspection of the record, it appeared that the judgment had been entered on confession of Robert Irwin, in the absence of his partners, to an action of Providence L. Sheppard and Richard L. Wood, instituted before a justice without process, on the 5th of December, and that an execution was issued and returned, levied on the property in question the same day. An affidavit of Richard L. Wood, accompanied the proceedings in the following words—" that the judgment which Robert Irwin hath, for and in behalf of the firm of Robert Irwin and Co., this day confessed for $40.20, is justly owing from said firm of Robert Irwin and Co., to Providence L. Sheppard and Richard L. Wood, and that the same is not done to *cover property* or defraud creditors." The judge at the circuit considered this affidavit not to be such as the statute of 29th of January, 1817, required to be made, for which reason the judgment and execution were not allowed to be given in evidence. The right set up by the defendant consequently failed ; but as there was evidently a claim and color of title under which the defendant acted, the judge directed no more than the strict value of the property to be given as damages ; and

under this charge the jury found a verdict of $480 for the plaintiffs.    The defendant moves to set aside this verdict and grant a new trial on three grounds.

First, because the above judgment is not void but only voidable ; it remains valid until it shall be reversed, and, therefore, ought not to have been overruled.    The act is entitled, " an act to prevent the fraudulent confession of judgments."    It enacts that when parties agree without process, to enter an action before a justice of the peace, no judgment by confession shall be entered without an affidavit of the plaintiff, his attorney or agent, of the true cause of action, setting forth that the debt is *bona fide* and justly due and owing to the person or persons to whom the judgment is to be confessed, and that the said judgment is not confessed to answer any *fraudulent purpose*, or to *protect* the property of the defendant from his creditors.    Now this affidavit obviously falls short of what the statute requires. In the first place it does not state the *cause of action ;* the inference from which is, there was none or the plaintiff would have set it out in compliance with the act; the court certainly cannot presume a cause of action where none appears.    Secondly, it does not assert that the debt is *bona fide*, nor that any debt in fact exists ; it says the *judgment* is justly owing which must always be the case after confession, whether there was a real debt or only an allowed pretence.    Thirdly, it entirely omits the important clause that the judgment is not confessed to answer any *fraudulent purpose*.    Fourthly, it says the judgment is not confessed to *cover property*, yet an execution in pursuance of it is spread over the property the same day, and in a few hours afterward the same property is sold to *bona fide* purchasers who had no notice of the proceeding.    Now an affidavit not according to the act is the same thing as no affidavit ; in which case the law has been heretofore fully settled in this court.    In 1 *South.* 161, *Parker* v. *Griggs*, a judgment being confessed without process or affidavit, the court held

it to be void, declaring that the justice had *no* power to act. There was a similar case in 2 *South.* 479, of *Cliver* v. *Applegate,* where two judges considered the judgment so void that an execution in pursuance of it would be no justification to an officer for executing it. The *Chief Justice* did not go the full length of this opinion; but he held that the judgment being entered without the affidavit prescribed by the act to prevent fraudulent judgments, it must be considered fraudulent. Now whether it is void as the majority decided, or fraudulent in law as the other supposed, the result is the same, for in neither case could it be given in evidence. It is true that this law has been since modified by a subsequent one of the 12th of February, 1818, (*Rev. Laws* 634, *sec.* 18,) whereby such judgment is made binding on "the parties in the suit," but that it shall not *operate* nor have any *effect* against persons "not parties in said action." Now there was no way to bar its operation against these plaintiffs, who were not parties in that suit, but by rejecting it as any evidence against them. The defendant's counsel argued from its being valid against the parties, that it must be equally so against those claiming under them; whereas one great object of the act was to protect purchasers, who are in fact creditors, against fraudulent judgments; an object that would be signally defeated by allowing them operation and effect against *bona fide* purchasers without notice as in this case.

Secondly—Supposing the judgment and execution were inadmissible evidence of title, they ought to have been received, it is said, in mitigation of damages, as shewing that the defendant did not act maliciously or wantonly, or from purposes of wrong or oppression, but under a claim of title and an honest impression of right. But to admit the evidence even in this view, would have allowed the judgment to have some operation and effect, contrary to the express words of the statute, which declares they shall have *none.* Neither was there the least necessity for it; the

Sheppard *v.* Sheppard.

production and rejection of the judgment and execution concurred with all the evidence in the cause, to shew that the defendant acted under a claim of right, and that there was no ground for giving exemplary or vindictive damages. The defendant had a right to have his claim tried; the court therefore directed the jury to make the fair *value of the property* the measure of damages. If the evidence had been received in mitigation, it ought to have had no effect beyond what the court gave in charge. Thus without contravening the statute, the defendant had all the benefit of mitigation to which he was entitled. But it is objected that the jury acted contrary to this charge; that their verdict gives a sum nearly double the value of the property. The calculation to make this probable, is however liable to much objection; it is founded on the testimony of but a single witness, himself the agent of the defendant; one who did not measure the timber himself, so as to swear to the quantity, nor did he examine the quality carefully, till a considerable time after the removal, during which time the unsoundness had been in progression; he did not see either the quantity or quality at the time of seizure; whereas the clerk of the plaintiff's wharf and business, corroborated by a number of other witnesses, some of whom had been employed in hauling the timber together, and others in piling it stick by stick, made estimations under oath, so widely different from the other, that there is as good reason to fear the jury went below the true value as above it.

The third and last ground offered for a new trial is the discovery of new and important evidence, not known to the defendant at the former trial, nor then in his power. The witness referred to is Robert Irwin, the person who confessed the judgment, who afterwards made the bill of sale, who invented the whole fraud, who remained on the spot till within a month of the trial, and then absconded. It was certainly a gross neglect of the defendant not to inquire the circumstances of the case from this man, who obviously

knew all about them, till after the trial was over. The party not only might but ought to have known of his evidence, and to have taken his deposition or put off the trial to procure his attendance. In the case of *Deacon* v. *Allen,* 1 *South.* 343, the court said, that if a party has carelessly permitted himself to remain ignorant of the best means for his defence, this court will not set aside a verdict to save him from the effects of his own indolence. This Robert Irwin is to swear, as is said, that he told the plaintiffs there was an execution levied on the property before he gave them the bill of sale. The evidence of it is that a Mr. Harman swears he has heard Irwin *say so.* Facts newly discovered ought to be laid before the court in the shape of legal evidence and not hearsay. Many men say things which they dare not confirm under oath. We ought to have more substantial ground for setting aside a verdict than a hearsay. I do not know a case where it was ever allowed, but there are many to the contrary. In *Coppin's case,* (*cited* 3 *Morg. Law Essays* 4,) a cause came on at seven o'clock in the morning, and an *old* witness could not be there time enough; the court refused a new trial unless *he* would make affidavit of what he knew. In *George* v. *Price,* 7 *Mod.* 31, it was sworn, that one of the witnesses said, since the trial, that he got a guinea to stifle the truth; the court said an affidavit of him who got the guinea were something, but his saying *is nothing.* In *Aylett* v. *Jewell,* 2 *Bl. Rep.* 1299, a new trial was moved for on an affidavit that one of the jurymen had confessed a great irregularity in the conduct of the jury; but there being no affidavit of the juryman who knew the fact, the court said it was too dangerous to call a verdict in question upon so loose a suggestion. In 4 *Johns.* 485, the affidavit stated what a person told the party he would say; the court said, there can be no reliance on such declarations. On the whole I perceive no legal ground for a new trial, and therefore let the rule be discharged.

The Chief Justice concurred.

Dancer *v.* Craven.

DRAKE, J.   The affidavit filed in this action is clearly defective, inasmuch as it does not state the *cause of action.* And, although I am not satisfied that the operation of a judgment entered by confession without affidavit, or upon a defective one, should be confined to the immediate parties to it, and that it cannot under any circumstances be used against third persons ; and doubt the propriety of rejecting the evidence overruled in this cause ; yet, as it afterwards appeared satisfactorily that the plaintiffs were *bona fide* purchasers, and therefore ought not to have been affected by the said evidence if it had been admitted.   I concur with my brethren in refusing a new trial.

Judgment on the postea.